# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD ANTHONY EVANS, | No. 2:17-cv-1890 DB P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| CALIFORNIA DEPARTMENT OF CORRECTIONS & REHABILITATION, | |
| Defendant. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action under 42 U.S.C. § 1983. In an order filed January 29, 2018, the court dismissed plaintiff's complaint and gave him thirty days to file an amended complaint. (ECF No. 9.) Thirty days have passed and plaintiff has not filed an amended complaint or otherwise responded to the court's January 29 order. Plaintiff was warned that his failure to file an amended complaint would result in a recommendation that his case be dismissed. (See id. at 8.)

Also on January 29, plaintiff filed a second motion to consolidate this case with two other cases pending in this court. (ECF No. 12.) In an order dated December 12, 2017, the court denied plaintiff's first motion to consolidate because he had not yet stated a cognizable claim in this action. (See ECF No. 8.) That is still true. The court has not found any claims cognizable

////

1

under § 1983.  Accordingly, the present motion to consolidate will be denied on the same grounds.

In his motion to consolidate, plaintiff asks rather than seeking consolidation, he should move to amend his complaint in case no. 2:17-cv-1888 AC.  Plaintiff states that he intended the three claims he filed to be docketed as one case, not three.  This court cannot advise plaintiff on the correct course of action in another case.  However, plaintiff is advised that all claims in one action should be related.  Federal Rule of Civil Procedure 18(a) allows a party to "join, as independent or alternative claims, as many claims as it has against an opposing party."  However, Rule 20(a)(2) permits a plaintiff to sue multiple defendants in the same action only if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and there is a "question of law or fact common to all defendants."  "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.  Unrelated claims against different defendants belong in different suits . . ." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (citing 28 U.S.C. § 1915(g)).

For the foregoing reasons, and good cause appearing, IT IS HEREBY ORDERED as follows:

1. The Clerk of the Court is directed to randomly assign a district judge to this case; and
2. Plaintiff's motion to consolidate (ECF No. 12) is denied for the reasons stated in the court's December 12, 2017 order.

Further, IT IS RECOMMENDED that this case be dismissed for plaintiff's failure to prosecute.  See E.D. Cal. R. 110; Fed. R. Civ. P. 41.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified

////

time may result in waiver of the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 13, 2018

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB/prisoner-civil rights/evan1890.fr