UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD ANTHONY EVANS,<br><br>Plaintiff,<br><br>v.<br><br>CALIF. DEPT. OF CORRS. & REHAB.,<br><br>Defendant. | No. 2:17-cv-1890 WBS DB P<br><br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner who was proceeding pro se and in forma pauperis with an action under 42 U.S.C. § 1983. On April 26, 2018, this action was dismissed for plaintiff's failure to prosecute. (ECF No. 14, 15.) Over a year later, on May 6, 2019, plaintiff filed a document in which he states that he wishes to re-open this case because he has discovered new evidence. (ECF No. 16.) For the reasons set forth below, this court recommends that motion be denied.

**BACKGROUND**

Plaintiff filed a civil rights complaint in this court on September 11, 2017. (ECF No. 1.) Plaintiff then filed a motion to consolidate this case with two others he filed here around the same time. (ECF No. 7.) The court denied that motion based on the fact the court had not yet screened the complaint. (ECF No. 8.) On January 29, 2018, before he received the court's screening order, plaintiff filed a second motion to consolidate cases. (ECF No. 12.) Also on January 29,

2018, the court filed an order dismissing plaintiff's complaint and giving him thirty days to file an amended complaint. (ECF No. 9.) Plaintiff was warned that if he failed to file a timely amended complaint, this court would recommend this action be dismissed.

By March 14, 2018, plaintiff had not filed an amended complaint or otherwise responded to the court's order. This court then recommended this action be dismissed for plaintiff's failure to prosecute and again denied his motion to consolidate. (ECF No. 13.) Plaintiff was advised that any objections to this court's findings and recommendation should be filed within fourteen days. Plaintiff did not file objections to the findings and recommendations. On April 26, 2018, the district judge adopted this court's recommendation and dismissed this action for plaintiff's failure to prosecute. (ECF No. 15.) Plaintiff filed nothing else in this action until May 6, 2019, when he filed the present motion to re-open this case. (ECF No. 16.)

**MOTION TO RE-OPEN CASE**

**I.     Legal Standards**

Plaintiff seeks relief under Federal Rule of Civil Procedure 60. Under this rule, a court may, on motion, "relieve a party ... from a final judgment, order, or proceeding" for reasons including "mistake, inadvertence, surprise, or excusable neglect" and "any other reason that justifies relief." Fed. R. Civ. P. 60(b). Excusable neglect "encompasses situations in which the failure to comply with a filing deadline is attributable to negligence, and includes omissions caused by carelessness." Lemoge v. United States, 587 F.3d 1188, 1192 (9th Cir. 2009). Rule 60(b) "is remedial in nature and ... must be liberally applied." Falk v. Allen, 739 F.2d 461, 463 (9th Cir. 1984); see also United States v. Signed Pers. Check No. 730 of Yubran S. Mesle, 615 F.3d 1085, 1091 (9th Cir. 2010) (expressing the strong preference for resolving cases on the merits). The moving party is however not "absolved from the burden of demonstrating that, in a particular case, the interest in deciding the case on the merits should prevail over the very important interest in the finality of judgments." TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 696 (9th Cir. 2001), overruled on other grounds by Egelhoff v. Egelhoff, 532 U.S. 141 (2001).

////

The determination of whether neglect is excusable under Rule 60(b) "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd., 507 U.S. 380, 394 (1993). A court should consider at least the following four factors: "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." Bateman v. U.S. Postal Serv., 231 F.3d 1220, 1223 (9th Cir. 2000) (citing Pioneer, 507 U.S. at 395); see also Briones v. Riviera Hotel & Casino, 116 F.3d 379, 381 (9th Cir. 1997) (concluding that the Pioneer standard applies to excusable neglect determinations under Rule 60(b)(1)). As the excusable neglect determination is an equitable one, additional factors may be considered at the court's discretion. See Pioneer, 507 U.S. at 395.

## II. Analysis

Plaintiff's only reason for his very belated attempt to re-open this case is the summary statement that he has "access to the newly discovered evidence, not previously in my possession." Plaintiff does not explain what that evidence is; why he could not have discovered it earlier; or why that evidence is relevant to this action. He makes no attempt to meet the standards of Rule 60(b).

This court recognizes that dismissal for failure to prosecute is a "harsh penalty" and a Rule 60(b) motion to re-open a case dismissed on that basis should be liberally construed. See Lal v. California, 610 F.3d 518, 524-27 (9th Cir. 2010). The court also recognizes that pro se filings should get the benefit of any doubt. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (quotation marks and citations omitted). However, even construing plaintiff's motion liberally, this court finds no basis to re-open this case under Rule 60. In addition to plaintiff's failure to explain any basis for his motion and his delay, the equities are not in plaintiff's favor. At the time the court dismissed this action, plaintiff had not stated a cognizable claim for relief. When given the opportunity to file an amended complaint, he failed to do so. (See ECF Nos. 9, 13.) Nor did plaintiff file objections to the court's recommendation that the case be dismissed. If plaintiff

////

required additional time to support an amended complaint, he should have informed the court long before now.

Accordingly, this court HEREBY RECOMMENDS that plaintiff's motion to re-open this case (ECF No. 16) be denied.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, either party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 6, 2019

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB/prisoner-civil rights/evan1890.fr(2)